```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

JANE DOE,                       :    Civil Action No. 06-3529(NLH)
       Plaintiff,               :
                                :
    v.                          :    OPINION
                                :
JOHN T. SCHWERZLER,             :
GLOUCESTER COUNTY INSTITUTE     :
OF TECHNOLOGY,                  :
ROBERT TAFFET, M.D.,            :
TRISH GREEN, DANIEL GREEN,      :
and GEORGE BREEN,               :
                                :
       Defendants.              :
```

**APPEARANCES:**

Clifford L. Van Syoc, Esquire
Sebastian B. Ionno, Esquire
Van Syoc Law Offices Chartered
Cherry Tree Corporate Center
535 Route 38 East - Suite 501
Route 38 & Cuthbert Boulevard
Cherry Hill, NJ 08002

   *Attorneys for Plaintiff*

John C. Eastlack, Jr., Esquire
Holston, Macdonald, Uzdavinis & Ziegler, PC
66 Euclid Street
Po Box 358
Woodbury, NJ 08096

   *Attorney for John T. Schwerzler*

William M. Tambussi, Esquire
Christine P. O'hearn, Esquire
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

   *Attorneys for Gloucester County Institute of Technology*

Allan E. Richardson, Esquire
915 Haddon Ave.
Collingswood, NJ 08108

    *Attorney for Robert Taffet*

Michael Paul Madden, Esquire
Madden & Madden
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, NJ 08033-0389

    *Attorney for Trish Green*

Richard L. Goldstein, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin, PA
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002

    *Attorney for Daniel Green*

Lisa S. Grosskreutz, Esquire
Parker, McCay
Route 73 & Greentree Road
Suite 401
Marlton, NJ 08053

    *Attorney for George Breen*

**HILLMAN**, District Judge

    This matter has come before the Court on Defendant Robert Taffet's motion to dismiss Plaintiff's Complaint, as well as Gloucester County Institute of Technology's motion to dismiss Plaintiff's Complaint. Defendants Trish Green and Daniel Green have joined in on GCIT's motion. For the reasons expressed below, Defendants' motions to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction will be denied without prejudice.

## BACKGROUND

Plaintiff, proceeding as Jane Doe, filed a Complaint against the Defendants for claims arising out of a sexual relationship Plaintiff had with her swim coach, Defendant John Schwerzler. According to Plaintiff's Complaint, Schwerzler initiated a sexual relationship with Plaintiff in 1998, when she was thirteen years old, and it lasted until 2004, when she was nineteen.

Plaintiff claims that Defendants violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1 et seq., because of their various roles in the inappropriate sexual relationship. GCIT and Taffet have moved to dismiss Plaintiff's NJLAD claim against them pursuant to Federal Civil Procedure Rule 12(b)(6). GCIT has also moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, which motion Trish Green and Daniel Green have joined. Because subject matter jurisdiction is a dispositive threshold issue, Defendants' motion on that issue will be addressed first.

## ANALYSIS

Plaintiff brought her action in this Court pursuant to 28 U.S.C. § 1332(a). In order for the Court to have jurisdiction over Plaintiff's action under § 1332(a), there must be complete diversity of the parties--that is, the citizenship of Plaintiff must be diverse from the citizenship of each Defendant. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Defendants

claim that Plaintiff, now a student at a university in Kentucky but who grew up in New Jersey and whose parents live in New Jersey, is a citizen of New Jersey.  Defendants argue that because they are also citizens of New Jersey, complete diversity is lacking, and the case must be dismissed.  Plaintiff counters that she is a citizen of Kentucky, and, therefore, complete diversity exists, and her case is properly before this Court.  Because it is the citizenship of the parties at the time the action is commenced which is controlling, Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972), it must be determined what state Plaintiff was a citizen of when she filed her Complaint on August 1, 2006.

> The Third Circuit has recently set forth the standard for determining the citizenship of a party.

> The party asserting diversity jurisdiction bears the burden of proof.  A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence.
> Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning."  In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business."  Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.
> An individual can change domicile instantly.  To do so, two things are required: "[h]e must take up residence at the new domicile, and he must intend to

>remain there." But "[a] domicile once acquired is presumed to continue until it is shown to have been changed." This principle gives rise to a presumption favoring an established domicile over a new one.

McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286-87 (3d Cir. 2006) (internal citations omitted).

In a case where a party with a claimed new domicile is the proponent of federal jurisdiction, the burden of production regarding domicile and the burden of persuasion regarding federal jurisdiction both fall on that party. Id. at 288. First, the party must rebut the presumption in favor of an established domicile. Id. If the party does so, the presumption falls out of the case and the party is then required to carry the burden of persuasion by proving that a change of domicile occurred, creating diversity of citizenship. Id. For both assertions, the appropriate standard of proof is preponderance of the evidence. Id.

Federal Civil Procedure Rule 301 informs the analysis. Id. Under Rule 301, the presumption favoring an established domicile places the burden of production on the party alleging a change in domicile, but does not affect the burden of persuasion, which remains throughout with the proponent of federal jurisdiction. Id. The presumption's only effect is to require the party asserting a change in domicile to produce enough evidence substantiating a change to withstand a motion for summary

5

judgment or judgment as a matter of law on the issue.  Id.

Although Plaintiff here asserts in her Complaint a Kentucky domicile, it seems fair to characterize Kentucky as a "claimed new domicile" because Plaintiff is a college student and Defendants have raised a substantial question about the status of Plaintiff's domicile.  See Bradley v. Zissimos, 721 F. Supp. 738, 740 (E.D. Pa. 1989) ("It is generally presumed that a student who attends a university in a state other than the student's 'home' state intends to return 'home' upon completion of studies."); Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 246 (D. Puerto Rico 1998) (holding that although the college student had a driver's license, voter's registration, and part-time job in Ohio, he was still considered a citizen of Puerto Rico because Plaintiff did not own or rent any property, did not pay a telephone or utilities bill, did not have any post-graduate commitments in Ohio, or any job in Ohio that would indicate steps towards a permanent career); see also Scoggins v. Pollock, 727 F.2d 1025 (11th Cir. 1984); Bair v. Peck, 738 F. Supp. 1354, 1357 (D. Kan. 1990).

Thus, Plaintiff must first produce some evidence to demonstrate that she has a new domicile to rebut the presumption of her previous domicile.  Once she has done that, she must, by the preponderance of the evidence, meet her burden of persuasion to demonstrate that this Court has jurisdiction to hear her case.

Plaintiff claims that even though she had been a citizen of New Jersey, she is now a citizen of Kentucky.  In response to Defendants' motion, Plaintiff filed an affidavit, dated November 8, 2006 and signed as "Jane Doe," in which Plaintiff asserts the following: 1) she is currently a student at the University of Louisville; 2) she currently resides in a private, off-campus residence; 3) she has been registered to vote in Kentucky since June 2006; 4) in May 2004 she was issued a Kentucky driver's license; 5) she paid Kentucky state income taxes since 2006; 6) she is in the process of applying for a job at a local Kentucky bank for employment after graduation in the spring of 2007; 7) she plans to begin nursing school in either 2008 or 2009 in Kentucky; 8) she intends to remain in Kentucky indefinitely and intends to make a new life in Kentucky.  (Jane Doe Affidavit, Docket No. 18).

Defendants argue that not only is the Jane Doe affidavit insufficient to meet her burden, allegations in her Complaint and other evidence support that she was a citizen of New Jersey when she filed her Complaint.  First, Defendants argue that the Court should not consider the affidavit because Plaintiff has not sought leave of court to proceed as a Jane Doe, and even if she were allowed to proceed as a Jane Doe, she would be required to

7

sign the affidavit with her real name and file it under seal.[1]  Second, Defendants have submitted evidence that as of March 31, 2006, Plaintiff was registered to vote in New Jersey (Def.'s Ex 3) and that she listed New Jersey as her hometown on her college swim team profile (Def.'s Ex. 4).  Next, Defendants contend that Plaintiff relates in her Complaint that her parents still reside in New Jersey, that she travels back to New Jersey, and that she worked in New Jersey while home from college during the summer. (Def.'s Br. at 18.)  Finally, Defendants contend that the presumption for an out-of-state college student is that she will return home upon graduation.

Accepting Plaintiff's affidavit as valid, Plaintiff's proof in support of her domicile in Kentucky is her attendance at school, her driver's license, her voter's registration, and payment of taxes in 2006.  The other information in the affidavit

---

[1] Generally, parties to a lawsuit must identify themselves in their respective pleadings.  Federal Rule of Civil Procedure 10(a) requires a complaint to "include the names of all the parties.  However, "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 684-85 (11th Cir. 2001)(internal quotations and citations omitted).  Whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court.  Doe v. U.S., 2007 WL 1703422, *1 (W.D. Pa. June 11, 2007) (citing Aware Woman Ctr., 253 F.3d at 684)).

Plaintiff has not requested permission from the Court to proceed anonymously.  The Court will, however, allow Plaintiff to proceed as Jane Doe.

either arises after the date of her Complaint, does not indicate a date, or are statements with regard to her future intentions, which have no bearing on the status of her citizenship at the time she filed her Complaint.

Based on Plaintiff's proffered evidence, Plaintiff has met her burden of production to rebut the presumption that her domicile is New Jersey.  With the present state of the record before the Court, however, Plaintiff has failed to sufficiently meet her burden of persuasion regarding jurisdiction because Plaintiff's evidence in support of her citizenship raises more questions than it answers.  Plaintiff has stated that she is registered to vote in Kentucky, but she has not averred that she relinquished her registration in New Jersey or that she has voted in Kentucky.  Plaintiff has stated that she has a Kentucky driver's license, but she has not demonstrated that she is no longer licensed to drive in New Jersey.  Further, as Defendants point out, Plaintiff has not attached a copy of her driver's license, voter's registration, or record of tax payments in support of her assertions regarding citizenship.  Without more, it may be that Plaintiff's evidence simply shows what many college students do while attending an out-of-state school.[2]

---

[2] Additionally, where Plaintiff has submitted only a statement about her proof of citizenship, Defendant has submitted proof that as recently as five months prior to filing this lawsuit, Plaintiff was still registered to vote in New Jersey. Second, Defendants have also pointed out that during her years in

9

Instead of dismissing Plaintiff's Complaint at this point, the Court will allow Plaintiff one more opportunity to demonstrate that when she filed her Complaint on August 1, 2006, she was a citizen of Kentucky.  The Court will allow Plaintiff to proceed as "Jane Doe," and she shall file under seal a supplemental affidavit signed with her real name under penalty of perjury.  The supplemental affidavit shall more specifically detail her evidence in support of her Kentucky domicile, including, but not limited to, the dates of her residence in off-campus housing, detailed information regarding the relinquishment of her voter's registration and driver's license in New Jersey in favor of Kentucky, and detailed information regarding the payment of Kentucky state income taxes.  With regard to this supplemental information, Plaintiff shall supply copies of her lease, voter's registration and voting records, driver's license, and tax returns.  Plaintiff shall also submit any other evidence that she feels will support her claim that when she filed her Complaint, she had already acquired Kentucky as her new domicile.

---

college in Kentucky she would travel home to visit her parents, who still reside in New Jersey.  Further, by the claims in her Complaint, it is apparent that Plaintiff has lived in New Jersey with her family since at least 1998.  Even though there may be more evidence that Plaintiff is still a citizen of New Jersey, it is not Defendants' burden, however, to gather that evidence to prove that Plaintiff is a citizen of New Jersey.  Rather, it is Plaintiff's burden to prove that she is a citizen of Kentucky.

10

Following Plaintiff's submission of her supplemental affidavit, and Defendants' response to her affidavit, the Court will determine, either on the papers or at oral argument, whether Plaintiff has met her burden of persuasion that her citizenship is Kentucky, and that this Court has subject matter jurisdiction to consider the substance of Plaintiff's claims.

An appropriate Order will issue.


Dated: June 28, 2007                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.