```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

JANE DOE,                         :   Civil Action No. 06-3529(NLH)
        Plaintiff,                :
                                  :
     v.                           :   OPINION
                                  :
JOHN T. SCHWERZLER,               :
GLOUCESTER COUNTY INSTITUTE       :
OF TECHNOLOGY,                    :
ROBERT TAFFET, M.D.,              :
TRISH GREEN, DANIEL GREEN,        :
and GEORGE BREEN,                 :
                                  :
        Defendants.               :
```

**APPEARANCES:**

Clifford L. Van Syoc, Esquire
Sebastian B. Ionno, Esquire
Van Syoc Law Offices Chartered
Cherry Tree Corporate Center
535 Route 38 East - Suite 501
Route 38 & Cuthbert Boulevard
Cherry Hill, NJ 08002

    *Attorneys for Plaintiff*

John C. Eastlack, Jr., Esquire
Holston, Macdonald, Uzdavinis & Ziegler, PC
66 Euclid Street
Po Box 358
Woodbury, NJ 08096

    *Attorney for John T. Schwerzler*

William M. Tambussi, Esquire
Christine P. O'hearn, Esquire
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

    *Attorneys for Gloucester County Institute of Technology*

Allan E. Richardson, Esquire
915 Haddon Ave.
Collingswood, NJ 08108

    *Attorney for Robert Taffet*

Michael Paul Madden, Esquire
Madden & Madden
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, NJ 08033-0389

    *Attorney for Trish Green*

Richard L. Goldstein, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin, PA
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002

    *Attorney for Daniel Green*

Lisa S. Grosskreutz, Esquire
Parker, McCay
Route 73 & Greentree Road
Suite 401
Marlton, NJ 08053

    *Attorney for George Breen*

**HILLMAN**, District Judge

    This matter originally came before the Court on Defendant Robert Taffet's motion to dismiss Plaintiff's Complaint, as well as Gloucester County Institute of Technology's motion to dismiss Plaintiff's Complaint. Defendants Trish Green and Daniel Green had joined in on GCIT's motion. In the Court's previous Opinion and Order, Defendants' motions to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction were denied without prejudice to allow Plaintiff another opportunity to submit proofs

evidencing that when she filed her Complaint on August 1, 2006 she was a citizen of Kentucky, and not a citizen of New Jersey. Plaintiff submitted such proofs, and oral argument was held, during which Plaintiff was ordered to submit additional documents. Plaintiff complied, and the issue of subject matter jurisdiction is now ripe for decision.[1]

### BACKGROUND and ANALYSIS

Plaintiff, proceeding as Jane Doe, filed a Complaint against the Defendants for claims arising out of a sexual relationship Plaintiff had with her swim coach, Defendant John Schwerzler. According to Plaintiff's Complaint, Schwerzler initiated a sexual relationship with Plaintiff in 1998, when she was thirteen years old, and it lasted until 2004, when she was nineteen. Plaintiff claims that Defendants violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1 et seq., because of their various roles in the inappropriate sexual relationship.

Plaintiff brought her action in this Court pursuant to 28 U.S.C. § 1332. In order for the Court to have jurisdiction over Plaintiff's action under § 1332, there must be complete diversity of the parties--that is, the citizenship of Plaintiff must be

---

[1] Even though there is technically no pending motion regarding subject matter jurisdiction, the issue must still be resolved. Further, the Court may address subject matter jurisdiction *sua sponte* at any time. See Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (holding that a court's lack of subject matter jurisdiction may be raised at any time in the same civil action, even *sua sponte*).

diverse from the citizenship of each Defendant.  See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Defendants have argued that Plaintiff, now a student at a university in Kentucky but who grew up in New Jersey and whose parents live in New Jersey, is a citizen of New Jersey.  Defendants have argued that because they are also citizens of New Jersey, complete diversity is lacking, and the case must be dismissed.

Plaintiff has countered, however, that she is a citizen of Kentucky, and, therefore, complete diversity exists, and her case is properly before this Court.  Because it is the citizenship of the parties at the time the action is commenced which is controlling, Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972), it must be determined what state Plaintiff was a citizen of when she filed her Complaint on August 1, 2006.

As set forth in the Court's prior Opinion, the Third Circuit has provided a standard for determining the citizenship of a party.

> The party asserting diversity jurisdiction bears the burden of proof.  A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence.
> Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning."  In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business."  Other factors to be considered may include location of brokerage and bank accounts,

4

> location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.
> An individual can change domicile instantly. To do so, two things are required: "[h]e must take up residence at the new domicile, and he must intend to remain there." But "[a] domicile once acquired is presumed to continue until it is shown to have been changed." This principle gives rise to a presumption favoring an established domicile over a new one.

McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286-87 (3d Cir. 2006) (internal citations omitted).

In a case where a party with a claimed new domicile is the proponent of federal jurisdiction, the burden of production regarding domicile and the burden of persuasion regarding federal jurisdiction both fall on that party. Id. at 288. First, the party must rebut the presumption in favor of an established domicile. Id. If the party does so, the presumption falls out of the case and the party is then required to carry the burden of persuasion by proving that a change of domicile occurred, creating diversity of citizenship. Id. For both assertions, the appropriate standard of proof is preponderance of the evidence. Id.

Federal Civil Procedure Rule 301 informs the analysis. Id. Under Rule 301, the presumption favoring an established domicile places the burden of production on the party alleging a change in domicile, but does not affect the burden of persuasion, which remains throughout with the proponent of federal jurisdiction.

5

Id.  The presumption's only effect is to require the party asserting a change in domicile to produce enough evidence substantiating a change to withstand a motion for summary judgment or judgment as a matter of law on the issue.  Id.

Plaintiff has asserted in her Complaint that her domicile is Kentucky.  In the prior Opinion, the Court characterized Kentucky as Plaintiff's "claimed new domicile" because Plaintiff is a college student and Defendants had raised a substantial question about the status of Plaintiff's domicile.  See Bradley v. Zissimos, 721 F. Supp. 738, 740 (E.D. Pa. 1989) ("It is generally presumed that a student who attends a university in a state other than the student's 'home' state intends to return 'home' upon completion of studies."); Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 246 (D. Puerto Rico 1998) (holding that although the college student had a driver's license, voter's registration, and part-time job in Ohio, he was still considered a citizen of Puerto Rico because Plaintiff did not own or rent any property, did not pay a telephone or utilities bill, did not have any post-graduate commitments in Ohio, or any job in Ohio that would indicate steps towards a permanent career); see also Scoggins v. Pollock, 727 F.2d 1025 (11th Cir. 1984); Bair v. Peck, 738 F. Supp. 1354, 1357 (D. Kan. 1990).

The Court then noted that Plaintiff was required to first produce some evidence to demonstrate that she had a new domicile

6

to rebut the presumption of her previous domicile, and once she had done that, she was required, by the preponderance of the evidence, to meet her burden of persuasion to demonstrate that this Court has jurisdiction to hear her case.

As directed by the Court, Plaintiff has submitted various proofs with regard to her claims that even though she had been a citizen of New Jersey, she is now a citizen of Kentucky, and was a citizen of Kentucky when she filed her Complaint.  Some of this proof arises after the date of her Complaint, does not indicate a date, or are statements with regard to her future intentions.  Other proof consists of statements from her family members and friends indicating their understanding of Plaintiff's intentions to remain a citizen of Kentucky.  All of this proof, however, has no bearing on the status of her citizenship at the time she filed her Complaint.

The remainder of Plaintiff's proof is dispositive on the issue of her citizenship at the time she filed her Complaint.  As of August 1, 2006, Plaintiff has shown that she: 1) had registered to vote in Kentucky[2]; 2) she had a Kentucky driver's license and she had surrendered her New Jersey driver's license; 3) she leased property in Kentucky; 4) she had an open bank

---

[2]Defendants point out that Plaintiff voted in New Jersey in 2004.  This would be relevant to her citizenship as of 2004, but because there is no evidence that she voted in New Jersey since that time, it does not defeat her claim that she was a citizen of Kentucky as of August 1, 2006.

7

account in Kentucky; 5) she paid utilities in Kentucky; and 6) she paid Kentucky state income taxes for the 2006 tax year[3].

Based on this evidence, the Court finds that Plaintiff has met her burden of production to rebut the presumption that her domicile is New Jersey, and she has meet her burden of persuasion regarding jurisdiction--that is, Plaintiff's proof is sufficient to demonstrate that she was a citizen of Kentucky, and not New Jersey, as of August 1, 2006.  Accordingly, because Plaintiff was a citizen of Kentucky when she filed her Complaint, diversity of citizenship exists between the parties.  Consequently, this Court has subject matter jurisdiction to hear Plaintiff's case.

An appropriate Order will issue.


Dated: April 16, 2008                    s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[3]The Court finds that even though Plaintiff's parents claimed her as a dependent on their 2006 tax returns, the Court credits Plaintiff's statement that she was unaware of this. Additionally, the Court does not find the actions of Plaintiffs' parents to be dispositive to Plaintiff's citizenship as of August 1, 2006.

8